FILED

MAY 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSTYSLAV ALEKSANDROVICH KMET,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-72983<br><br>Agency No. A098-825-026<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2011
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and MILLS, Senior
District Judge.[**]

Rostyslav Aleksandrovich Kmet, a native and citizen of Ukraine, petitions

for review of the Board of Immigration Appeals' ("BIA") order affirming, without

adopting, the decision of an Immigration Judge ("IJ") finding him credible but

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Mills, Senior District Judge for the U.S.
District Court for Central Illinois, Springfield, sitting by designation.

denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), because the persecution he suffered was not on account of a protected ground. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition as to Kmet's asylum and withholding claims and grant the petition as to Kmet's CAT claim and remand.

1.      Substantial evidence supports the BIA's conclusion that Kmet's political opinion was not a central reason for his persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution."). Kmet did not present compelling evidence that he was persecuted because he exposed government corruption. Further, the evidence presented does not compel a finding that the government was involved or acquiesced in Kmet's persecution. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (noting that a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence" (internal quotation marks and citation omitted)). Accordingly, Kmet's asylum claim is denied. Because Kmet failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.     The BIA erred in failing to address Kmet's CAT claim.  *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by [a party].").  Accordingly, we remand to the BIA to determine whether Kmet is entitled to CAT relief.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Each party shall bear their own costs.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**